IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| OMEGA FARM SUPPLY, INC. | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. |
| | : | 7:07-CV-101(HL) |
| TIFTON QUALITY PEANUTS, LLC, | : | |
| Defendant and Third-Party Plaintiff, | : | |
| v. | : | |
| A&D SUMNER FARMS, INC. | : | |
| Third-Party Defendant. | : | |

# ORDER

Before the Court is Plaintiff's Motion to Remand (Doc. 14). For the following reasons, Plaintiff's Motion is granted.

**I.   FACTS**

On May 23, 2007, Plaintiff Omega Farm Supply, Inc. filed suit against Defendant Tifton Quality Peanuts, LLC, in the Superior Court of Tift County, Georgia. Plaintiff's Complaint alleged that Defendant distributed funds to the United States Treasury and A&D Sumner Farms in violation of Plaintiff's right to the funds under an assignment of proceeds. Defendant allegedly paid $50,433.60 to the United States Treasury to satisfy a federal tax lien that was recorded against Aubrey Sumner, Dana Sumner, and A&D Sumner Farms, Inc.

1

According to Plaintiff, the federal tax lien was subordinate to Plaintiff's claim to the funds pursuant to the assignment of proceeds.  Defendant also allegedly distributed over $15,000 to A&D Sumner Farms in violation of Plaintiff's rights under the assignment of proceeds.

On July 5, 2007, Defendant filed a Third-Party Complaint against the United States of America and A&D Sumner Farms (the "Third-Party Defendants") on the ground that the Third-Party Defendants would have to indemnify Defendant if it became liable to Plaintiff for the funds that it paid to the Third-Party Defendants.  The United States removed the case to this Court pursuant to 28 U.S.C. §§ 1441 and 1442(a)(1).  After removing the case, the United States filed a Motion to Dismiss (Doc. 2) the Third-Party Complaint for lack of subject matter jurisdiction on the ground that the claim against it was barred by the statute of limitations.  On November 14, 2007, this Court granted the United States's Motion to Dismiss.  Subsequently, Plaintiff filed a Motion to Remand the case because the jurisdictional basis (the claim against the United States) had disappeared, and therefore, this Court lacked subject matter jurisdiction.

**II.   DISCUSSION**

It is a fundamental principle of law in this country that federal courts are courts of limited jurisdiction.  <u>Kokkonen v. Guardian Life Ins. Co. of Am.</u>, 511 U.S. 375, 377 (1994). They possess the power "'to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress."  <u>Univ. of S. Ala. v. Am. Tobacco Co.</u>, 168 F.3d 405, 409 (11th Cir. 1999) (quoting <u>Taylor v. Appleton</u>, 30 F.3d 1365, 1367 (11th Cir.

1994)). Original jurisdiction may be based on either a federal question or diversity of citizenship. 28 U.S.C. § 1331; 28 U.S.C. § 1332. Federal courts also have original jurisdiction over actions in which the United States is a plaintiff, or, in certain circumstances, when the United States is a defendant. 28 U.S.C. § 1345; 28 U.S.C. § 1346. For example, under 28 U.S.C. § 1346(e), federal courts have original jurisdiction over civil actions brought against the United States for wrongful levy under I.R.C. § 7426.

If a federal district court has original jurisdiction over a claim it can typically exercise "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367. A district court may decline to exercise supplemental jurisdiction over a claim if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The decision whether or not to exercise supplemental jurisdiction over the remaining state law claims is typically within the discretion of the court. See Hardy v. Birmingham Bd. of Educ., 954 F.2d 1546, 1550 (11th Cir. 1992). But if the federal claims were dismissed for lack of subject matter jurisdiction, the district court has no discretion to retain jurisdiction over the supplemental claims because the dismissal of the federal claims for lack of subject matter jurisdiction "'means that there never was a valid claim within the court's original jurisdiction to which the state claim may be supplemental.'" Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 805 (9th Cir. 2001) (quoting 16 MOORE'S FEDERAL PRACTICE § 106.66[1]); see also Rifkin v. Bear Stearns & Co., 248 F.3d 628, 631-34 (7th Cir. 2001)

(holding that court could not exercise supplemental jurisdiction over state-law claims because it lacked subject-matter jurisdiction over the federal claims); Nowak v. Ironworkers Local 6 Pension Fund, 81 F.3d 1182, 1187 (2d Cir. 1996) (stating that a district court "cannot exercise supplemental jurisdiction unless there is first a proper basis for original federal jurisdiction"). Thus, when all federal claims are dismissed for lack of subject matter jurisdiction, the district court must dismiss the case without prejudice, or if the case was removed from state court, remand the case to the court from which it was removed. See Crotwell v. Hockman-Lewis Ltd., 734 F.2d 767, 769 (11th Cir. 1984) (holding that a dismissal for lack of subject matter jurisdiction is without prejudice); 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

In this case, Plaintiff's claim against Defendant is a state law claim and Defendant's Third-Party Complaint against A&D Sumner Farms is a state law claim for indemnity. The bases for removal in this case were 28 U.S.C. §§ 1441 and 1442(a)(1). Under § 1441, cases within the original jurisdiction of the federal courts may be removed. The claim within the original jurisdiction of this Court was Third-Party Plaintiff's wrongful levy claim under I.R.C. § 7426.[1] See 28 U.S.C. § 1346(e) ("The district courts shall have original jurisdiction of any civil action against the United States provided in section...7426...of the Internal

---

[1] Third-Party Plaintiff's claim against the United States was styled as an indemnity claim. But as demonstrated by the United States in its Motion to Dismiss, the only claim that Third-Party Plaintiff could have asserted against the United States was a wrongful levy claim, and therefore, the "indemnity" claim was treated as a wrongful levy claim.

4

Revenue Code of 1986."). Under § 1442(a)(1), the United States may remove when, as in this case, it is sued "for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for...the collection of revenue." 28 U.S.C. § 1442(a)(1). Thus, at the time of removal, all claims in this case, except for the wrongful levy claim against the United States, were state law claims within the supplemental jurisdiction of this Court.[2] After removal, this Court dismissed the Third-Party Complaint against the United States for lack of subject matter jurisdiction because the statute of limitations for the wrongful levy claim had expired. See Compagnoni v. United States, 173 F.3d 1369, 1370 n.3 (11th Cir. 1999) (holding that a court "does not have subject matter jurisdiction over a suit against the United States that is barred by the statute of limitations"). Accordingly, this Court cannot exercise supplemental jurisdiction over the remaining state law claims in this case because the sole claim within the original jurisdiction of this Court was dismissed for lack of subject matter jurisdiction.

**III.    CONCLUSION**

---

[2]Defendant seems to assert that this Court has original jurisdiction over Plaintiff's claim against it because a federal statute affords Defendant a complete defense to the claim. This assertion is without merit. Under the well-pleaded complaint rule, federal question jurisdiction "exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). As a result, "a defense presenting a federal question–even a valid one–cannot create [federal] jurisdiction." Whitt v. Sherman Intern. Corp., 147 F.3d 1325, 1329 (11th Cir. 1998).

For the foregoing reasons, Plaintiff's Motion to Remand is granted, and this case is remanded to the Superior Court of Tift County, Georgia.

**SO ORDERED**, this the 4th day of April, 2008.

*s/ Hugh Lawson*
**HUGH LAWSON, Judge**

dhc